In the United States District Court in/for the
Middle District of Pennsylvania.

Whitney Mulqueen,  :  Case No. 3:13-cv-01138-JMM-TMB
*Plaintiff,*

against  :  **Trial By Jury Demanded.**

Energy Force, LLC, James Long, T.S.
Dudley Land Co., and Diane Long, et al.,  :
*Defendant(s).*

:

## Pro Se Defendant's Timely Submitted Brief In Opposition to Defendant Energy Force, LLC, et al. Motion to Dismiss.

---

The abovesaid Plaintiff is a Pro Se litigant and not held to the same stringent standards as a licensed attorney and the Court has a duty and obligation to her to provide her with curative instructions in how to repair her pleadings before dismissing her claims.

The Plaintiff is submitting this Brief as of right, of her own Right, in her proper person. As she has a constitutional right to speak in her own words, on paper; *Farretta vs. California,* 422 U.S. 806, (1975).

That the Plaintiff's pleadings are not to be held to the same stringent standards as licensed attorneys, as long as the court can reasonably read the pleadings and use common sense in the relief being sought, despite failure to cite proper legal authority, poor syntax and sentence construction, confusion of legal theories, and unfamiliarity with pleading requirements. *Haines vs. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Boag vs. MacDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982).

The Plaintiff is a pro se litigant and a pro se litigant's complaint will not be dismissed just because it is not artfully drafted. *Hill vs. Thorne,* 635 A.2d 186, 430 Pa. Super. 551 (Pa. Super. 1993).

The Commonwealth Court does not hold pro se complainants to stringent standards expected of pleadings drafted by lawyers, and will examine substance of their complaint to determine if they would be entitled to relief if they proved facts averred. *Madden vs. Jeffes,* 482 A.2d 1162, 85 Pa. Cmwlth. 414 (Pa. Cmwlth. 1984).

Pro se petitioners--In determining whether such relief should be granted on their pleadings regarding their claims, the Court held that: "we are governed by the substance of things, not by mere form". *Louisville & N.R. Co. vs. Schmidt,* 177 U.S. 230 (1899).

FILED
SCRANTON

JUL 3 1 2013

PER _____
DEPUTY CLERK

This Court has a duty to entertain the Petitioner's pro se pleadings looking at the substance and not the labels, mere form, put on them (pleadings). Furthermore, the courts are not bound by the labels put on the pleading, nor the caption of the pleading or prayer, but by the substance, <u>Benson vs. Sales Corp.</u>, 238 Cal.2d Supp. 937, 48 Cal. Rptr. 123.

Pro se filings are held to less stringent procedural standards than others, see, <u>Nunnally vs. MacClausland</u>, 996 F.2d 1 (1st Cir. 1993).

Court errs if court dismisses the pleadings of a non-attorney litigant without instruction of how pleadings are deficient and how to repair pleadings, see, <u>Platsky vs. C.I.A.</u>, 953 F.2d 26 (2nd. Cir. 1991).

All litigants have a constitutionally—secured right to have their claims adjudicated according to the rule of precedent, see, <u>Anastasoff vs. United States</u>, 223 F.3d 898 (2000).

The court established the duty of an ALJ in cases where a Claimant appears at a hearing without an attorney. The court held that the ALJ must take "special care" in developing the record fully before rendering a decision in a pro se claim. The court also reaffirmed the long-standing principle that an ALJ must always articulate why evidence that supports a Claimant's disability has been rejected. <u>Reefer vs. Barnhart</u>, 326 F.3d 376 (3rd Cir. 2003).

"When a claimant appears at a hearing without counsel, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all of the relevant facts." <u>Reefer vs. Barnhart</u>, 326 F.3d 376 (3rd Cir. 2003).

## Statement of Facts and Events.

Defendants Energy Force, LLC and James Long (EF and JL) electronically filed their documents with the court on or about July 19, 2013. The Certificate of Service dated July 19, 2013, indicates that the Plaintiff Whitney Mulqueen (WM) was sent the paperwork at her old address and her current mailing address in which she received the paperwork on or about July 22, 2013. This response/objection in made timely.

WM was *placed in fear of losing her job* if she did not take work home and complete it. The work WM took home and completed was *forced labor*, as she was not compensated for it—*involuntary servitude*.

WM made a demand for payment regarding the work she took home and completed, but to no avail, as the Defendants refuse to pay her the money due and owing.

WM seeks a declaratory judgment regarding all her claims.

WM has a substantive right to amend, supplement and/or repair her pleadings before the Court dismisses any of her claims.

EF and JL's answers to the complaint are merely general denials and/or peppered with legal conclusions and/or evasive/non responsive.

EF and JL's Affirmative Defenses First through the Sixteenth, inclusive are all conclusions of law in which no response is required or necessary.

WM is entitled to a trial by jury and an Article III Court to hear her claims.

**WHEREFORE,** the Pro Se Plaintiff WM respectfully requests that the Court provide her with curative instructions in how to repair her pleadings before it dismisses any of her claims or in the alternate an opportunity to amend, supplement and/or repair her pleadings. That the Court deny Defendants EF and JL's motion to dismiss and award the Plaintiff any other relief the Court deems just and proper under the circumstances.

Date: 7/31/2013

Respectfully submitted,
"Without Prejudice"

_Whitney Mulqueen_,
*Plaintiff/Complainant.*

## Certificate of Service

The undersigned did caused to be served a true and correct copy of the foregoing instrument(s) to the person(s) named below in the manner indicated:

**Via First Class Mail, Postage Prepaid:**

ENERGY FORCE, LLC
512 E. WASHINGTON AVENUE
GUTHRIE, OK  73044

James Long
512 E. WASHINGTON AVENUE
GUTHRIE, OK  73044

T.S. DUDLEY LAND COMPANY, INC.
5925 N. ROBINSON AVENUE
OKLAHOMA CITY, OK  73188

Diane Long
5925 N. ROBINSON AVENUE
OKLAHOMA CITY, OK  73188

**NOTICE TO AGENT, IS NOTICE TO PRINCIPAL,
NOTICE TO PRINCIPAL, IS NOTICE TO AGENT.**

Date: 7/31/13

"Without Prejudice"

_Whitney Mulqueen_
Whitney Mulqueen
*Plaintiff/Complainant.*
P.O. Box 66
Fleetville, Pennsylvania  18420
(570) 575-8649