IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHITNEY MULQUEEN, | : | CIVIL ACTION NO. **3:CV-13-1138** |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| ENERGY FORCE, LLC, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.  BACKGROUND.**

On April 29, 2013, Plaintiff Whitney Mulqueen, a resident of Fleetville, Lcakwanna County, Pennsylvania, filed *pro se* a 12-page typed Complaint against Defendants Energy Force, LLC, James Long, T.S. Dudley Land Co. "(Dudley")", and Diane Long, alleging, in part, employment discrimination due to her age (Counts One and Five) and violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. (Count Four).[1]  (Doc. 1).  Plaintiff also raised a claim of "Involuntary Servitude" (Count Two),  a claim of "wrongful discharge/termination" under 42 U.S.C. §2000e-5(f)(3) (Count Three), and a claim for Declaratory Judgment under 28 U.S.C. §2201 (Count Six).  In all, Plaintiff asserted Six Counts in her Complaint.  Plaintiff also filed a Motion to proceed *in forma pauperis*.  (Doc. 2).

---

[1]The Court's jurisdiction over Plaintiff's instant action falls under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

On April 30, 2013, the Court granted Plaintiff's *in forma pauperis* Motion and directed service of Plaintiff's Complaint upon Defendants. (Doc. 5). Defendants were then served and their responses to Plaintiff's Complaint were due July 1, 2013. (Docs. 7-12).

On June 28, 2013, Defendants T.S. Dudley Land Co. and Diane Long timely filed a Motion for Partial Dismissal of Plaintiff's Complaint with respect to Counts Two, Three and Six, pursuant to Fed.R.Civ.P. 12(b)(6) and (f), a support brief and, they filed their Answer to the remaining Counts (One, Four and Five) of Plaintiff's Complaint. (Docs. **13,** 14 & 15).

On July 5, 2013, Plaintiff filed a Motion for Entry of Default as to "Defendants Energy Force, LLC, et al." for failure to plead or defend against her Complaint, as well as her Affidavit for Entry of Default, and a Motion for Default Judgment as against "Defendants Energy Force, LLC, et al." (Docs. 16-18). Also, on July 5, 2013, Defendant Long filed, *pro se*, a letter request seeking an extension of time to respond to Plaintiff's Complaint stating that he was seeking counsel to represent him. (Doc. 19). On July 11, 2013, Defendants Energy Force, LLC, and James Long filed, through counsel, a Motion for an Extension of Time to respond to Plaintiff's Complaint. Defendant Long's *pro se* request seeking an extension of time was terminated since this Defendant now had counsel. On July 12, 2013, the Court granted the Motion for an Extension of Time to respond to Plaintiff's Complaint by Defendants Energy Force, LLC, and James Long and, gave these Defendants until July 19, 2013, to file their response. (Doc. 24).

On July 17, 2013, Plaintiff filed her brief in opposition to Defendants T.S. Dudley Land Co. and Diane Long's Motion for Partial Dismissal of Plaintiff's Complaint. (Doc. 25).

On July 19, 2013, Defendants Energy Force, LLC, and James Long filed, through counsel, an Answer to Plaintiff's Complaint with respect to Counts One, Four and Five. (Doc. 26). Also, on July 19, 2013, Defendants Energy Force, LLC, and James Long filed a Motion for Partial Dismissal of Plaintiff's Complaint with respect to Counts Two, Three and Six, pursuant to Fed.R.Civ.P. 12(b)(6) and (f). (Doc. 27). In their Motion, Defendants Energy Force, LLC, and James Long stated that under Rule 10(c) they were joining in the Motion for Partial Dismissal of Plaintiff's Complaint and support brief filed by Defendants T.S. Dudley Land Co. and Diane Long. On July 31, 2013, Plaintiff filed her brief in opposition to Defendants Energy Force, LLC, and James Long's Doc. 27 Motion for Partial Dismissal of Plaintiff's Complaint. (Doc. 28).

On August 14, 2013, the Court issued an Order and directed that Defendants Energy Force, LLC, and James Long's Motion to Dismiss for Failure to State a Claim (Doc. 27) filed on July 19, 2013 was **DEEMED WITHDRAWN**, pursuant to Rule 7.5, M.D. Pa., based on Defendants' failure to file a supporting brief. (Doc. 29). On August 20, 2013, Defendants Energy Force, LLC, and James Long filed a Motion for Reconsideration of the Court's Doc. 29 Order and a support brief. (Docs. 30 & 31). Defendants Energy Force, LLC, and James Long essentially stated that they sought to incorporate and join in the Doc. 14 support brief filed by Defendants T.S. Dudley Land Co. and Diane Long with respect to their Doc. 13 Motion for Partial Dismissal of Plaintiff's Complaint. On August 20, 2013, Defendants Energy Force, LLC, and James Long also filed their second Motion for Partial Dismissal of Plaintiff's Complaint with respect to Counts Two, Three and Six, pursuant to Fed.R.Civ.P. 12(b)(6) and (f), and a support brief. (Docs. **32** & 33).

On September 27, 2013, the Court issued an Order (Doc. 34) and directed as follows:

1. Plaintiff's Motion for Entry of Default **(Doc. 16)** and Plaintiff's Plaintiff's Motion for Default Judgment **(Doc. 18)** are **DENIED.**

2. Defendants Energy Force, LLC, and James Long's Motion for Reconsideration of the Court's Doc. 29 Order **(Doc. 30)** is **DENIED AS MOOT.**

3. Plaintiff's Doc. 28 opposition brief to Defendants Energy Force, LLC, and James Long's Doc. 27 Motion for Partial Dismissal of Plaintiff's Complaint is construed as her opposition brief to Defendants Energy Force, LLC, and James Long's Doc. 32 Motion for Partial Dismissal of Plaintiff's Complaint.

Further, the Court found that the **Doc. 13** Motion for Partial Dismissal of Plaintiff's Complaint by Defendants T.S. Dudley Land Co. and Diane Long, and the **Doc. 32** Motion for Partial Dismissal of Plaintiff's Complaint by Defendants Energy Force, LLC, and James Long have been briefed by Defendants and Plaintiff has filed her oppositions briefs to them. (Docs. 25 & 28). Thus, the Court stated that the Docs. 13 and 32 Motions are ripe for disposition.

We will now address the two Motions for Partial Dismissal of Plaintiff's Complaint (Docs. 13 & 32) in this Report and Recommendation.[2]

**II.     MOTION TO DISMISS STANDARD.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

---

[2]We have been assigned this case for pre-trial matters pursuant to 28 U.S.C. §636(b).

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## III. COMPLAINT ALLEGATIONS.

As mentioned, Plaintiff raised a claim of "Involuntary Servitude" (Count Two), a claim of "wrongful discharge/termination" under 42 U.S.C. §2000e (Count Three), and a claim for Declaratory Judgment under 28 U.S.C. §2201 (Count Six). Since Defendants only move to dismiss Counts Two, Three and Six of Plaintiff's Complaint, we cabin our discussion to these claims.

In Count Two, claim of "Involuntary Servitude," Plaintiff cites to 18 U.S.C. §1584, which imposes criminal sanctions, including a find and/or imprisonment, for willfully holding a person in involuntary servitude. Plaintiff alleges that her supervisor Val Shears ("VS") directed her to bring work home to complete each night during her employment with Defendant Dudley in order to keep her job and to catch up since Plaintiff "was not getting it due to her age." Plaintiff alleges that she had to take work home under threat of losing her job if she did not. Plaintiff avers that her supervisor did not list the hours which she worked at home on her time sheet and that she was not paid for these hours. Plaintiff claims that these actions violated the FLSA, and that even after she demanded payment for the stated time which benefitted Defendants, Defendants failed to pay her. (Doc. 1, pp. 5-6). Plaintiff claims that Defendants' conduct amount to "Involuntary Servitude," and violated the FLSA.

In Count Three, Plaintiff raises a claim entitled "Wrongful Discharge/Termination" under 42 U.S.C. §2000e-5(f)(3). Plaintiff alleges that VS made her workplace a poor working environment and failed to train Plaintiff for her position as an Admin/Land Tech. Plaintiff alleges that VS berated and criticized her in front of her peers and co-workers about her age. Plaintiff

6

avers that she complained to Defendants about VS and asked for a transfer to another crew, but nothing was done to correct her complaints. Plaintiff then alleges that VS advised Plaintiff she was no longer needed since a younger man was hired and began working on April 2, 2012, after she was wrongfully discharged/terminated. Plaintiff further alleges that she did not receive a severance pay and pay for the hours of work she performed at home under threat of losing her job. (Doc. 1, pp. 6-7).

In Count Six, Plaintiff raises a claim for Declaratory Judgment under 28 U.S.C. §2201. Plaintiff simply seeks the Court to declare that the willful and deliberate misconduct of Defendants, as she alleges in her Complaint, violated several specified federal laws as well as her constitutional rights. (Doc. 1, p. 10).

As relief in her Complaint, Plaintiff seeks declaratory judgment against Defendants as well as nominal, compensatory and punitive damages. Plaintiff also requests the Court to prosecute any state actors for violating civil and criminal statutes. (Doc. 1, p. 11).

**IV.  DISCUSSION.**

Initially, as mentioned, Plaintiff requests, in part, for this Court to prosecute any state actors for violating civil and criminal statutes. (Doc. 1, p. 11). We find that to the extent that Plaintiff is seeking this Court to Order the arrest and prosecution of unnamed state actor individuals, this Court cannot grant as relief in the present case the initiation of any criminal prosecution. *See Concert v. Luzerne County Children and Youth Services*, 2008 WL 4753709, *3 (M.D. Pa. Oct. 29, 2008)("Criminal statutes do not generally provide a private cause of action nor basis for civil liability.")(citations omitted). Thus, "[t]his Court cannot compel either

state or federal prosecuting authorities to file criminal charges against the named Defendant" or against any unnamed state actors. *Id*.

The Third Circuit has also held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of government officials with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have people arrested for their alleged illegal behavior, these requests are subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend hers Complaint with respect to her request for relief to arrest and prosecute people. *See Concert, supra*.

Since the two Partial Motions to Dismiss (Docs. 13 & 32) filed by Defendants are largely the same and seek to dismiss the same Counts of Plaintiff's Complaint for basically the same reasons, we shall discuss both Motions jointly herein. As mentioned, Defendants move to dismiss Counts Two, Three and Six of Plaintiff's Complaint. We shall discuss these Counts *seriatim*.

*1. Count Two, Claim of "Involuntary Servitude" under 18 U.S.C. §1584*

In *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 540 (3d Cir.2012), the Third Circuit stated:

> "[T]he phrase 'involuntary servitude' was intended ... 'to cover those forms of compulsory labor akin to African slavery[.]' " *United States v. Kozminski,* 487 U.S. 931, 942, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988) (quoting *Butler v. Perry,* 240 U.S. 328, 332, 36 S.Ct. 258, 60 L.Ed. 672 (1916)). "Modern day examples of involuntary servitude have been limited to labor camps, isolated religious sects, or forced confinement." *Steirer v. Bethlehem Area Sch. Dist.,* 987 F.2d 989, 999 (3d Cir.1993); *see, e.g., United States v. King,* 840 F.2d 1276, 1280 (6th Cir.1988) (religious sect violated 18 U.S.C. § 1584 where they "used and threatened to use physical force to make the children [at their camp] perform labor and the children believed they had no viable alternative but to perform such labor"); *United States v. Booker,* 655 F.2d 562, 563, 566 (4th Cir.1981) (migrant labor camp held farm workers in involuntary servitude, forbade them from leaving without paying their debts, and enforced the rule with threats of physical harm, actual physical injury, and by kidnapping and returning to the farm workers who attempted to leave); *Jobson v. Henne,* 355 F.2d 129, 131–32 (2d Cir.1966) (patients in mental institution performing required labor stated Thirteenth Amendment claim).

Plaintiff Mulqueen has alleged some difficult working conditions as an Admin/Land Tech for Defendants, but she has not alleged anything "'akin to African slavery' or any modern analogue." *Id*. Even though Plaintiff alleges that she was made to take work home under duress and threat of being fired by VS if she did not, she does not "allege she [was] held in a labor camp or forced into daily labor by a religious sect." Id. Also, Plaintiff does not allege that her working conditions constituted forced confinement or that she was not free to return home each day after work. Additionally, insofar as Plaintiff alleges that VS made her take work home under threat of being fired if she did not, this averment is not sufficient to constitute involuntary

servitude. *Id.* (Court held that threat of deportation by employer to employees was insufficient to constitute involuntary servitude).

Finally, as Defendants correctly point out, Plaintiff's Count Two, claim of "Involuntary Servitude" under 18 U.S.C. §1584, is redundant of her FLSA claim raised in Count Four of her Complaint in which she alleges that she was not paid for the work she was made to perform at home. In fact, as Defendants indicate, Plaintiff cites to the FLSA in her Count Two. As such, Plaintiff 's Count Two is also subject to being stricken from her Complaint under Fed.R.Civ.P. 12(f). *See Solomon v. School Dist. of Philadelphia*, 882 F.Supp.2d 766, 776-77 (E.D. Pa. 2012); *Gula v. Advanced Cargo Transp., Inc.*, 2013 WL 1899900, *4 (M.D. Pa. May 7, 2013).

Therefore, we will recommend that Defendants' Motions to Dismiss Count Two of Plaintiff's Complaint be granted, and that this Count be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to amend her Complaint with respect to Count Two, claim of "Involuntary Servitude," as against all Defendants. *See Zavala*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

We agree with Plaintiff that since she has filed a *pro se* Complaint, the Court is required to hold her to a less stringent standard. *See, eg, Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972). We also agree with Plaintiff that leave to amend her Complaint should be freely given. However, even though *pro se* Plaintiffs are accorded substantial deference in federal court, *Haines v. Kerner*, *supra*, *Hughes v. Rowe*, 449 U.S. 5 (1980), they are not free to ignore the Federal Rules of Civil Procedure and must properly state a claim. Additionally, we

are well aware Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," however, if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). As stated, we find futility in allowing Plaintiff to amend her Complaint with respect to Count Two.

   2. *Count Three, Claim for Wrongful Discharge/Termination under 42 U.S.C. §2000e-5(f)(3)*

Plaintiff styles her Count Three as a Claim for Wrongful Discharge/Termination under 42 U.S.C. §2000e-5(f)(3). (Doc. 1, pp. 6-7). As stated above, Plaintiff alleges that VS made her workplace a poor working environment, that VS failed to train Plaintiff for her position as an Admin/Land Tech., and that VS discriminated against her based on her age. Defendants argue that Count Three should be dismissed since 42 U.S.C. §2000e-5(f)(3) is merely a jurisdiction and venue provision establishing where certain types of discrimination suits may be brought, and that this subsection is not an independent cause of action. In addition to moving to dismiss Count Three for failure to state a claim under Rule 12(b)(6), Defendants also move to dismiss this Count under Rule 12(f) as being redundant of Counts One and Five of Plaintiff's Complaint.

While Plaintiff bases her Count Three, age discrimination in employment claim as being in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., it appears that all of Plaintiff's claims alleging age discrimination by Defendants, *i.e.*, Counts One, Three and

Five, more appropriately fall under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*[3]

Further, a Plaintiff asserting employment discrimination claims under Title VII and the ADEA is required to exhaust all administrative remedies before filing an action in federal court. *See Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.1996); *DeLa Cruz v. Piccari Press,* 521 F.Supp.2d 424, 431 (E.D.Pa. 2007). Plaintiff Mulqueen alleges in her Complaint that she exhausted her administrative remedies by submitting a Complaint to the EEOC "about her age discrimination and other claims." Plaintiff also alleges that the EEOC sent her a Right to Sue Letter dated January 29, 2013, and that she then timely filed her instant Complaint in this federal Court within 90 days. (Doc. 1, p. 4).

With respect to a Title VII discrimination claim pertaining to termination from employment, the Court in *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144, 145 (3d Cir. 2007), stated:

> To establish a prima facie case of Title VII [sex, national origin, color, religion, or race] discrimination, [Plaintiff] must show (1) that she belongs to a protected class, (2) that she suffered an adverse employment action (3) under circumstances leading to an inference of unlawful discrimination.
> *See Jones v. Sch. Dist. of Philadelphia,* 198 F.3d 403, 410 (3d Cir.1999).

*See also Burlington v. News Corp.*, 759 F.Supp. 2d at 592(citations omitted). Section 2000e-2(m) of Title VII (42 U.S.C.) provides, in pertinent part, that "an unlawful employment practice

---

[3] We note that a Plaintiff can plead both age and gender discrimination under the ADEA and Title VII, respectively. *DeAngelo v. DentalEZ, Inc.*, 738 F.Supp.2d 572, 578-79 (E.D. Pa. 2010)(Court found that a Plaintiff may plead alternative forms of discrimination under the ADEA and Title VII through trial).

12

is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

The ADEA provides that:

> "[I]t should be unlawful for an employer to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623(a)(2).

Thus, "the ADEA prohibit[s] employers from discriminating against qualified individuals on the basis of ... age." *Verdecchia v. Douglas A. Prozan, Inc.*, 274 F. Supp. 2d 712, 719 (W.D. Pa 2003); *see also* 29 U.S.C. § 623(a)(1). An employer is defined in the ADEA as follows:

> a person engaged in industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . 29 U.S.C. § 630(b).

29 U.S.C. § 630(b). *Verdecchia*, 274 F. Supp. 2d at 719.

In *Duffy v. Paper Magic Group, Inc.*, 265 F. 3d 163, 167 (3d Cir. 2001), the Third Circuit stated the following elements to establish an ADEA age discrimination claim:

> The ADEA prohibits employers from discriminating against individuals in hiring, discharge, compensation, term, conditions or privileges of employment on the basis of their age. *See* 29 U.S.C. § 623(a)(1). Age discrimination may be established by direct or indirect evidence. *See Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 972 (3d Cir. 1998) When evaluating ADEA discrimination claims based on indirect evidence, a plaintiff may establish a prima facie case of age discrimination under the ADEA by demonstrating that she: (1) was a member of a protected class, i.e., that she was over forty, (2) is qualified for the position, (3) suffered an adverse employment decision, (4) and was ultimately replaced by a person sufficiently younger to permit an

13

inference of age discrimination. *See id.* at 973.

*See also DeAngelo v. DentalEZ, Inc.*, 738 F.Supp.2d at 580.

Regardless of how Plaintiff classifies her age discrimination in employment claims against Defendants, we agree with Defendants that Count Three of Plaintiff's Complaint should be dismissed since the subsection upon which Plaintiff relies is only a jurisdiction and venue provision and, since Count Three is redundant of Plaintiff's Counts One and Five, which are proceeding in this case. *See* 42 U.S.C. §2000e-5(f)(3); *Gula v. Advanced Cargo Transp., Inc.*, 2013 WL 1899900, *4(Court held that redundant claims can be stricken under Fed.R.Civ.P. 12(f)). In any event, Plaintiff's Count Three is not required to show that this Court has jurisdiction with respect to Plaintiff's federal claims, *i.e.*, her Title VII claims [and any claims under the ADEA to the extent she is deemed as raising such a age discrimination claims] pursuant to 28 U.S.C. § 1331. *See Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144, 145, n. 1 (3d Cir. 2007); *Burlington v. News Corp.*, 759 F.Supp. 2d 580 (E.D. Pa. 2010); *Slater v. Susquehanna Co.*, 613 F. Supp. 2d 653, 657 (M.D. Pa. 2009). We also find that venue of Plaintiff's case is proper in this Court since Plaintiff resides in the Middle District of Pennsylvania and the unlawful employment practices are alleged to have occurred in this District.

Thus, we will recommend that Defendants' Motions to Dismiss Count Three of Plaintiff's Complaint be granted, and that this Count be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to amend her Complaint with respect to Count Three as against all Defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

*3. Count Six, Claim for Declaratory Judgment under 28 U.S.C. §2201*

We agree completely with Defendants that Count Six of Plaintiff's Complaint raising a separate claim for relief under the Declaratory Judgment Act, 28 U.S.C. §2201, should be dismissed since this Act is not cognizable as a separate cause of action. Claims for injunctive and declaratory relief are remedies and not independent causes of action. *In re shop-Vac Marketing and Sales Practices Litigation*, –F.Supp.2d–, 2013 WL 4049728, *7 (M.D. Pa. Aug. 9, 2013). Thus, Plaintiff may seek injunctive and declaratory relief as remedies but not as viable causes of action as she attempts to do in Count Six of her Complaint. Indeed, Plaintiff does seek declaratory relief as a remedy in her Prayer for Relief in her Complaint. (Doc. 1, p. 11).

Additionally, to the extent Plaintiff seeks the Court to declare that Defendants violated her constitutional rights under 42 U.S.C. §1983 in Count Six of her Complaint, we will recommend that this request be dismissed with prejudice since she has not alleged that any Defendant was a state actor or state agency. In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009)

(citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

Even if Plaintiff did allege that Defendants were state actors and a state agency, and she did not, she lacks standing to have the Court declare the past conduct of Defendants unconstitutional. *See Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009).

Thus, we will recommend that Defendants' Motions to Dismiss Count Six of Plaintiff's Complaint be granted, and that this Count be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to amend her Complaint with respect to Count Six as against all Defendants. *See In re shop-Vac Marketing and Sales Practices Litigation*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

## V. RECOMMENDATION.

Based on the foregoing discussion, we respectfully recommend the that the Court:

1. **GRANT** the **Doc. 13** Motion for Partial Dismissal of Plaintiff's Complaint filed by Defendants T.S. Dudley Land Co. and Diane Long.

2. **GRANT** the **Doc. 32** Motion for Partial Dismissal of Plaintiff's Complaint filed by Defendants Energy Force, LLC, and James Long.

3. **DISMISS WITH PREJUDICE** Count Two of Plaintiff's Complaint.

4. **DISMISS WITH PREJUDICE** Count Three of Plaintiff's Complaint.

5. **DISMISS WITH PREJUDICE** Count Six Plaintiff's Complaint.

6. **DISMISS WITH PREJUDICE** Plaintiff's request for this Court to have people arrested and prosecuted for their alleged illegal behavior.

7. **REMAND** this case to the undersigned for further proceedings only with respect to Plaintiff's claims against Defendants in Counts One, Four and Five of her Complaint.[4]

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: October 3, 2013**

---

[4]Upon remand, we will scheduling a Joint Case Management Conference to establish case deadlines.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WHITNEY MULQUEEN, | : | CIVIL ACTION NO. **3:CV-13-1138** |
|---|---|---|
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| ENERGY FORCE, LLC, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: October 3, 2013**