In the United States District Court in/for the
Middle District of Pennsylvania.

Whitney Mulqueen,   :   Case No. 3:13-cv-01138-JMM-TMB
   *Plaintiff*,

against   :   **Trial By Jury Demanded**.

Energy Force, LLC, James Long, T.S.
Dudley Land Co., and Diane Long, et al.,   :
*Defendant(s)*.

FILED
SCRANTON
OCT 25 2013
PER _____
DEPUTY CLERK

# Pro Se Plaintiff's Timely Objections to the Magistrate's Proposed Findings, Recommendation or Report With Points and Authorities.

---

**TO THE HONORABLE COURT, THE JUDGES OF THE SAID COURT:**

**AND NOW COMES,** the abovesaid Plaintiff, in Proper Person, and timely submits her timely Objections to the Magistrate's Proposed Findings, Recommendation or Report With Points and Authorities, and represents:

1. The Pro Se Plaintiff should be allowed to repair her pleadings once the Court provides her with curative instructions in how to repair them, and the Court has not provided the Pro Se Plaintiff with the curative instructions to overcome the defendants' Rule 12 (b) (6) Motion to Dismiss Counts Two and Three. The Pro Se Plaintiff timely objects to the dismissal *__with prejudice__* as to these said two (2) Counts. No objection to dismissal of Count Six, as that is the Declaratory Judgment Count, in which, the Pro Se Plaintiff made an honest mistake in her pleadings regarding Count Six.

Court errs if court dismisses the pleadings of a non-attorney litigant without instruction of how pleadings are deficient and how to repair pleadings, see, _Platsky vs. C.I.A._, 953 F.2d 26 (2nd. Cir. 1991).

"When a claimant appears at a hearing without counsel, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all of the relevant facts." _Reefer vs. Barnhart_, 326 F.3d 376 (3rd Cir. 2003).

That the Plaintiff's pleadings are not to be held to the same stringent standards as licensed attorneys, as long as the court can reasonably read the pleadings and use

common sense in the relief being sought, despite failure to cite proper legal authority, poor syntax and sentence construction, confusion of legal theories, and unfamiliarity with pleading requirements. <u>Haines vs. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); <u>Boag vs. MacDougall</u>, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982).

Pro se petitioners--In determining whether such relief should be granted on their pleadings regarding their claims, the Court held that: "we are governed by the substance of things, not by mere form". <u>Louisville & N.R. Co. vs. Schmidt</u>, 177 U.S. 230 (1899).

Pro se filings are held to less stringent procedural standards than others, see, <u>Nunnally vs. MacClausland</u>, 996 F.2d 1 (1st Cir. 1993).

2. The Pro Se Plaintiff adamantly objects to the Magistrate Judge Blewitt entering his proposed findings and making a recommendation and report in this matter, thus, dismissing Counts Two and Three with prejudice.

"When a claimant appears at a hearing without counsel, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all of the relevant facts." <u>Reefer vs. Barnhart</u>, 326 F.3d 376 (3rd Cir. 2003).

3. The Pro Se Plaintiff demands an Article III Court with a Panel of Three Judges to make any rulings/decisions in this case.

**WHEREFORE,** the Pro Se Plaintiff respectfully requests that the Honorable Court entering an order vacating/setting aside the Magistrate's ruling/decision on the defendants Rule 12 (b)(6) and (f) Motion to Dismiss Plaintiff's Counts Two and Three with prejudice and provide the Pro Se Plaintiff with instructions in how to repair her pleadings to overcome defendants motion to dismiss Counts two and Three. Award the Pro Se Plaintiff any relief the Court deems just and proper.

Date: 10/23/2013

Respectfully submitted,
"Without Prejudice"

_Whitney Mulqueen_,
***Plaintiff/Complainant.***

## Certificate of Service

The undersigned did caused to be served a true and correct copy of the foregoing instrument(s) to the person(s) named below in the manner indicated:

**Via First Class Mail, Postage Prepaid:**

CLARK HILL THORP REED
ONE COMMERCE SQUARE, SUITE 1000
PHILADELPHIA, PA  19103-7041
Tel.: (215) 540 – 8500
Fax.: (215) 540 –

GROSS McGINLEY
ATTORNEYS AT LAW
101 LARRY HOLMES DRIVE, SUITE 202
EASTON, PA  18042
Tel.: (610) 258 – 1506
Fax.: (610) 258 - 0701

     **NOTICE TO AGENT, IS NOTICE TO PRINCIPAL,
     NOTICE TO PRINCIPAL, IS NOTICE TO AGENT.**

Date: 10/23/2013

          "Without Prejudice"

          _____
          Whitney Mulqueen
          *Plaintiff/Complainant.*
          P.O. Box 66
          Fleetville, Pennsylvania  18420
          (570) 575-8649