# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHITNEY MULQUEEN, | : | No. 3:13cv1138 |
|     Plaintiff | : | |
|     v. | : | (Judge Munley) |
| | : | |
| ENERGY FORCE, LLC, | : | (Magistrate Judge Blewitt) |
| JAMES LONG, T.S. DUDLEY | : | |
| LAND CO. and DIANE LONG, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's Report and Recommendation (hereinafter "R&R"). (Doc. 37). The R&R proposes that the court grant the defendants' motions to dismiss counts two, three and six of plaintiff's complaint with prejudice. Plaintiff filed objections to the R&R (Doc. 38), and they are ripe for disposition.

## Background

The instant employment discrimination action arose from Plaintiff Whitney Mulqueen's (hereinafter "plaintiff") employment with Defendant T.S. Dudley Land Company (hereinafter "T.S. Dudley"). (Doc. 1, Compl. (hereinafter "Compl.") ¶ 15). On January 4, 2012, Defendant Energy Force, LLC (hereinafter "Energy Force"), a staffing agency, placed plaintiff in a training position with Defendant T.S. Dudley. (Id. ¶ 15). T.S. Dudley assigned

her to work in a hotel room in Dickson City, Pennsylvania. (Id.) Plaintiff worked with two younger women in a suite that was disorganized, loud and unprofessional. (Id. ¶¶ 18, 49). Plaintiff claims that Defendants T.S. Dudley and Energy Force (collectively "defendants") failed to provide her with a job description and adequately train her. (Id. ¶¶ 16-17).

Moreover, plaintiff alleges defendants failed to compensate her for any work performed in excess of forty hours per week. (Id. ¶¶ 45, 47). Specifically, Val Shears (hereinafter "Shears"), plaintiff's supervisor, advised plaintiff that normal working hours were Monday through Friday from 9:30 a.m. to 5:00 p.m. (Id.) Plaintiff was also required to take work home over the weekends. (Id.) Plaintiff claims that she was never compensated for this weekend work. (Id.)

Based on these allegations, plaintiff filed a six-count complaint in this court. The complaint asserts the following causes of action: Count One, violation of the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C.A. § 621 *et seq.*; Count Two, involuntary servitude in contravention of 18 U.S.C. § 1584; Count Three, wrongful discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (hereinafter "Title VII"); Count Four, violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; Count Five,

a constructive discharge claim; and Count Six, a claim for declaratory relief pursuant to 28 U.S.C. § 2201.

On June 28, 2013, Defendants T.S. Dudley and Diane Long filed a motion to dismiss counts two, three and six. (Doc. 13). On August 20, 2013, Defendants Energy Force and James Long filed a motion to dismiss counts two, three and six. (Doc. 32). On October 3, 2013, Magistrate Judge Blewitt recommended granting defendants' motions to dismiss and dismissing counts two, three and six with prejudice. Plaintiff filed objections to the recommendation regarding counts two and three. She did not object to the recommendation pertaining to count six.

**Discussion**

Prior to addressing the motions to dismiss, the court notes that plaintiff's *ad damnum* clause requests the court criminally prosecute defendants for allegedly violating civil and criminal statutes. The determination of whether to prosecute and what criminal charges to bring, however, are decisions that generally rest in the prosecutor's, not the court's, discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979); see also United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) (stating that under 28 U.S.C. §§ 541 & 547 the United States Attorney is responsible for the prosecution of all crimes within

3

his or her district).  Moreover, the Third Circuit Court of Appeals has stated that a private person in a federal civil action lacks standing to impose criminal liability on a defendant.  Friedland, 83 F. 3d at 1539.  As such, the court will strike plaintiff's request to prosecute the defendants from plaintiff's *ad damnum* clause.

The court next addresses the defendants' motions to dismiss. Defendants have each filed a motion to dismiss three counts contained within plaintiff's six-count complaint: Count Two, involuntary servitude in contravention of 18 U.S.C. § 1584; Count Three, wrongful discharge under Title VII; and Count Six, a claim for declaratory relief pursuant to 28 U.S.C. § 2201.  Magistrate Judge Blewitt suggests that all three counts should be dismissed with prejudice.  Plaintiff does not object to the dismissal of count six, but plaintiff objects to the dismissal of counts two and three.  Thus, the court will first discuss count six and then address counts two and three.

**A.  Report and Recommendation - No Objections to the dismissal of Count Six**

Magistrate Judge Blewitt recommends dismissing plaintiffs claim for declaratory relief, count six, with prejudice.  Neither plaintiff nor defendants object to this recommendation.  When deciding whether to adopt the R&R

when no objections have been filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). No plain error has been discerned following a review of the record. Accordingly, the court will adopt this portion of the R&R and dismiss count six with prejudice.

**B. Report and Recommendation - Objections to the dismissal of Counts Two and Three**

Plaintiff objects to the recommendations of dismissing count two, involuntary servitude, and count three, wrongful discharge, with prejudice. In disposing of objections to a R&R, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendations. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The court addresses counts two and three *in seriatim*.

**1. Count Two - Involuntary Servitude**

Plaintiff objects to the recommendation that the court dismiss her involuntary servitude claim with prejudice. Involuntary servitude claims arise under the Thirteenth Amendment to the United States Constitution. The Thirteenth Amendment abolished slavery and conditions of involuntary servitude in all parts of the United States. See City of Memphis v. Greene, 451 U.S. 100, 120 (1981). "[T]he phrase 'involuntary servitude' was intended 'to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'" United States v. Kozminski, 487 U.S. 931, 942 (1988) (quoting Butler v. Perry, 240 U.S. 328, 332 (1916)). The Third Circuit Court of Appeals has stated that it will "tak[e] a contextual approach to involuntary servitude by confining the Thirteenth Amendment to those situations that are truly 'akin to African slavery.'" Steirer v. Bethlehem Area Sch. Dist., 987 F.2d 989 (3d Cir.1993).

In the present case, plaintiff alleges challenging working conditions. Plaintiff's work environment, however, "does not evoke in the court's mind the burdens endured by the African slaves in the cotton fields or kitchens of the antebellum south." United States v. Bertoli, 994 F.2d 1002, 1022 (3d Cir.

1993). Moreover, the general defense against oppressive hours, pay, working conditions or treatment is the right to change employers. Pollock v. Williams, 322 U.S. 4, 17-18 (1944). Plaintiff never claimed that the defendants physically restrained her or prevented her from leaving work. Rather, she always maintained the right to walk away from defendants' employment. In short, plaintiff has not alleged that her employment with defendants rose to the level of involuntary servitude. Accordingly, plaintiff's objection will be overruled and her involuntary servitude claim, count two, will be dismissed.[1]

## 2. Count Three - Title VII Wrongful Discharge

Plaintiff also objects to the recommendation that the court dismiss her wrongful discharge claim under Title VII.[2] Title VII provides that "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

---

[1] The court will deny this claim with prejudice as an amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

[2] Plaintiff seeks to bring her employment discrimination claim pursuant to Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3). The court, however, construes count three as a disparate treatment claim under 42 U.S.C. § 2000e-2(a)(1). See Alston, 363 F.3d at 234 (stating that courts are to construe complaints so "as to do substantial justice," keeping in mind that *pro se* complaints in particular should be construed liberally).

employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to prove a prima facie case of disparate treatment under Title VII, the plaintiff must show that: 1) she is a member of a protected class; 2) she was qualified for the position; 3) she was subjected to an adverse employment action; and 4) the circumstances of the adverse action imply discrimination. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

Here, plaintiff alleges that she was treated differently because of her **age**. (See Compl. ¶¶ 8, 18, 20, 22, 24, 29-30, 32, 34, 37, 39, 49, 51-52, 54) (emphasis added). Plaintiff fails to allege differential treatment based on her race, color, religion, sex, or national origin. In short, count three asserts a claim of age discrimination pursuant to the ADEA, which plaintiff previously alleged in count one. Thus, plaintiff's objection will be overruled and plaintiff's Title VII claim, count three, will be dismissed.[3]

---

[3] The court will deny this claim with prejudice as an amendment would be futile. See Alston, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

**Conclusion**

For the reasons stated above, the court will overrule the plaintiff's objections and adopt the R&R, which dismisses counts two, three and six with prejudice. This case will be remanded for the disposition of the following claims: Count One, violation of the ADEA; Count Four, violation of the Fair Labor Standards Act; and Count Five, constructive discharge. An appropriate order follows.

Date:  11/14/13                                          s/ James M. Munley
                                                                                    **JUDGE JAMES M. MUNLEY**
                                                                                    **United States District Court**